IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD GOZY,

        Petitioner,

vs.

TOM CAREY, Warden,

        Respondent.

No. 2:06-cv-02461-JCW

<u>ORDER</u>

Gozy, a California state prisoner, petitions *pro se* for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gozy challenges a decision by the Governor of California, reversing the Board of Prison Terms' (now the Board of Parole Hearings) decision finding him suitable for parole. The United States Court of Appeals for the Ninth Circuit is currently adjudicating an appeal, *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), argued en banc and submitted for decision June 24, 2008, which may affect how federal courts review parole reversal decisions. Therefore, this court

considers *sua sponte* whether to stay the proceedings in this case pending resolution of *Hayward* by the *en banc* court.

A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the possible damage that may result from the granting of a stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-09 (9th Cir. 2005), citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a district court must consider whether a stay pending resolution of another case is likely to be resolved in a reasonable amount of time because of our duty to adjudicate habeas petitions in a reasonable time frame. *Yong v. INS*, 208 F.3d 1116, 1119-20 (9th Cir. 2000).

**1.    Damage**

1       The only potential damage resulting from a stay is to Gozy, who may have

2   to wait longer for the resolution of his petition.  However, prudence dictates that

3   the court await the Ninth Circuit's *en banc* decision in *Hayward* so that Gozy's

4   claims need not be reconsidered in the wake of that appeal.  Reconsideration

5   would also result in delay.  Consequently, it is not clear that a stay pending

6   *Hayward* will ultimately lengthen the pendency of Gozy's petition.  The court

7   concludes that the possible damage to Gozy is minimal.

8       **2.**    **Hardship**

9       Both parties face the prospect of hardship if the court were to resolve the

10   petition before *Hayward* is decided.  If *Hayward* affects the legal standard

11   applicable to federal habeas petitions challenging parole decisions in California,

12   then this proceeding, and possibly a subsequent parole hearing, may need to be

13   reconsidered.  Therefore, the court concludes that both parties would be

14   disadvantaged by permitting the petition to proceed at this stage.

15       **3.**    **Orderly Course of Justice**

16       A stay pending resolution of *Hayward* will permit the court to consider

17   Gozy's petition under the most current precedent and therefore will simplify the

18   proceedings and promote the efficient use of judicial resources.  It is in the interest

of justice to await the *en banc* decision in *Hayward* rather than proceed and have to reconsider the case. Therefore, a stay promotes the orderly course of justice.

**4.   Temporal Limit**

"'The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time.' A long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." *Yong*, 208 F.3d at 1120, quoting *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978). Here, however, the stay is not indefinite and is related to the timing of the Ninth Circuit's decision in *Hayward*, which the en banc court has already had under consideration for over a year. The length of the stay will not be unreasonable.

Therefore, it is ORDERED that this action be administratively stayed pending the Ninth Circuit's decision in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008). The respondent shall notify the court when the *Hayward* decision is issued.

Dated: August 10, 2009           /s/J. Clifford Wallace
                                 HON. J. CLIFFORD WALLACE
                                 UNITED STATES CIRCUIT JUDGE
                                 Sitting by Designation